J-S04003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN WATSON | : | |
| | : | |
| Appellant | : | No. 522 EDA 2024 |

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007542-2018

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 18, 2025**

Appellant, Brian Watson, appeals from an order entered on February 5, 2024, in the Criminal Division of the Court of Common Pleas of Philadelphia County, that dismissed his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

The PCRA court summarized the relevant facts and procedural history as follows.

> On August 4, 2018, [Appellant] engaged in a physical altercation with the complainant, Ionis Henderson. After the altercation, Appellant entered a property on the 3100 block of Jasper Street, where he remained for several minutes. When he emerged, Appellant shot Mr. Henderson in the head. Mr. Henderson was taken to the hospital, where he [underwent several surgeries for his severe injuries]. As a result of this incident, Mr. Henderson lost his left eye and suffered extensive brain damage, resulting in paralysis of his right side, the inability to speak, and a diminished

_____

[*] Retired Senior Judge assigned to the Superior Court.

ability to process information. Appellant was arrested and charged with attempted murder and related offenses.

On February 24, 2022, Appellant entered into [an open guilty plea] to attempted murder, [persons not to possess firearms, unlicensed possession of a firearm], and possession of an instrument of a crime. On June 13, 2022, [the trial court] sentenced Appellant to 15 to 50 years of confinement. On June 21, 2022, Appellant filed a *pro se* motion for reconsideration of sentence. No direct appeal was filed.

On March 27, 2023, Appellant filed a *pro se* petition pursuant to the [PCRA]. PCRA counsel was appointed and filed an amended petition on November 11, 2023, alleging that trial counsel was ineffective on various grounds. Following an evidentiary hearing on February 5, 2024, [the PCRA court] denied Appellant's petition. On February 6, 2024, Appellant filed a timely notice of appeal to [this Court. The PCRA court then] issued an order pursuant to Pa.R.A.P. 1925(b) on February 8, 2024, [directing] Appellant to file a concise statement of [errors] complained of on appeal within 21 days. Appellant did not file a concise statement or request an extension. [The PCRA court] filed its opinion on March 22, 2024. On April 19, 2024, [this Court] remanded the matter for Appellant to file a concise statement and ordered [the PCRA court] to file its opinion within 60 days of [receipt of the concise statement]. Appellant filed a concise statement on April 24, 2024 in which he assert[ed] that [the PCRA court] erred in denying his petition "[s]pecifically, on the issue that trial counsel failed to file post-sentence motions as well as a notice of appeal to the Superior Court after [A]ppellant asked her to do so."

PCRA Court Opinion, 6/18/24, at 1-2.

Appellant raises the following claim on appeal.

1) Was trial counsel ineffective when she failed to file a notice of appeal as requested by the appellant?

Appellant's Brief at 5.

In his sole issue, Appellant alleges that the PCRA court erred in

concluding that trial counsel was not ineffective for failing to file a requested

post-sentence motion or a requested notice of appeal challenging Appellant's judgment of sentence. We conclude that no relief is due.

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Our standard of review of an ineffectiveness claim is also well-settled:

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 [(1984)]. Accordingly, to prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the

- 3 -

petitioner must advance sufficient evidence to overcome this presumption.

We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (some citations and quotation marks omitted).

Appellant insists that he instructed PCRA counsel to file a post-sentence motion, followed by a notice of appeal, from the judgment of sentence imposed on June 13, 2022. Based upon the testimony introduced at an evidentiary hearing, including the PCRA court's credibility assessments of the witnesses, the court rejected Appellant's claim, finding, instead, that Appellant never asked trial counsel to file a post-sentence motion or to file a notice of appeal. The PCRA court explained why it credited the testimony of trial counsel and rejected the testimony offered by Appellant.

> [The PCRA court] denied Appellant's petition because it found Appellant's testimony incredible, as it was unsupported by the record and contradicted by [trial counsel's] credible testimony. Specifically, Appellant testified that he asked [trial counsel] to file a post-sentence motion and an appeal on his behalf while [in the courtroom] immediately following sentencing, and that [trial counsel] told him she would visit him in prison the following day. [The PCRA court] found Appellant's testimony incredible because it [was] directly contradicted by the digital recording of his sentencing, which show[ed] that after [the sentencing court] advised Appellant of his post-sentence motion and appellate rights, there was some mumbling and then [trial counsel] asked the [c]ourt to recommend Appellant serve his sentence at SCI Phoenix. Nothing on the recording indicate[d] that Appellant spoke to [trial counsel] after that point. Moreover, [trial

- 4 -

counsel's] voice on the recording is clear at all times, and at no point was she heard telling Appellant she would come visit him. [The PCRA court] also found [that Appellant lacked credibility] because of his testimony regarding claims not at issue in this appeal. Appellant claimed that [trial counsel] told him she made a secret deal with [the sentencing court] for Appellant to be sentenced to less than 10 years, and that "[the judge] wasn't willing to do it on paper but would be willing to do an open plea[."] This claim is contradicted by [trial counsel's] credible testimony and the written and oral plea colloquies completed by Appellant, both of which make it clear that he was not promised a specific sentence.

[Trial counsel] credibly testified that she discussed Appellant's rights with him before and after sentencing, that she told him to contact her "if he wanted anything done," and that Appellant never asked her to file post-sentence motions or an appeal. She testified that she explained the short time frame for post-sentence motions and appeals, and that they needed to be made in writing. Following sentencing, [trial counsel] never received any mail from Appellant asking her to file post-sentence motions or an appeal on his behalf. She moved offices "a while" after Appellant's sentencing, had her mail forwarded to her new address, and maintained contact with others at her former office location who would let her know if any mail arrived for her at the old address. She also stated that she never received notice of the *pro se* post-sentence motion filed by Appellant.[FN 1] She confirmed that she was in contact with Appellant's family throughout the sentencing process, and that they never reached out to her to say that Appellant wanted to file post-sentence motions or an appeal. [Trial counsel's] testimony [was] supported by the record, which show[ed] that Appellant was advised of his post-sentence and appellate rights at the time of sentencing. Based on all of this, [the PCRA court] properly determined that Appellant [lacked credibility,] had not met his burden[,] and denied relief.

---

[FN 1] While the [PCRA court's docket reflects that Appellant filed a *pro se* post-sentence motion on June 21, 2022, there is no indication that the filing was forwarded along to trial counsel and Appellant did not raise the issue of whether the clerk of court's failure to forward that motion to trial counsel entitled him to relief in his amended petition], at the evidentiary hearing, or in his 1925(b) statement.

> Pa.R.Crim.P. 905(D) (all amended petitions must be in writing); Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in 1925(b) statement are waived); ***Commonwealth v. Markowitz***, 32 A.3d 706, 7013 (Pa. Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition.").

PCRA Court Opinion, 6/18/24, at 4-6 (record citations omitted).

Based on our review, we conclude that the order denying relief on Appellant's petition was supported by the record and free of legal error. The court's factual determinations find support in the record and, as explained above, this Court grants great deference to those assessments and will not disturb them unless they have no support in the record. ***See Ford***, 44 A.3d at 1194; ***see also Commonwealth v. Jones***, 912 A.2d 268, 293 (Pa. 2006) (holding that "[t]he findings of a postconviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference"); ***Commonwealth v. White***, 734 A.2d 374, 381 (Pa. 1999) (holding that an appellate court is bound by credibility determinations of the PCRA court where determinations are supported by record). Here, the PCRA court had the opportunity to hear the testimony of both Appellant and trial counsel and, accordingly, had a firsthand opportunity to assess the credibility of each witness. In this regard, the PCRA court credited the testimony of trial counsel, and determined that she was not ineffective for failing to file a post-sentence motion or a direct appeal because Appellant did not ask her to do so, and no circumstances reasonably called for appellate consultation. As the PCRA

court's ruling is supported by the record and free from legal error, Appellant

is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025